UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 05-cv-02174-WYD

SHARON K MRACEK,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.
_____

**ORDER**
_____

THIS MATTER is before the Court on Defendant Commissioner of Social Security's Motion to Alter or Amend Order Under Fed. R. Civ. P. 59(e), filed June 5, 2007 (docket #32). This case first came before the Court on a review of the Commissioner's decision that denied Plaintiff's application for disability insurance benefits under the Social Security Act. 42 U.S.C. §§ 401-433. The instant Motion challenges the Judgement entered May 21, 2007, reversing and remanding this case for additional proceedings. Specifically, the Order directs the ALJ to investigate whether there is a significant number of specific jobs Plaintiff could have performed in light of her standing limitations and the factors set forth in *Triamar v. Sullivan*, 966 F.2d 1326 (10th Cir. 1992).

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 944 (10th

Cir. 2995).  There are three major grounds that justify reconsideration under Rule 59(e) (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000);  *Brunswick v. Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 944 (10th Cir. 1995); *Mantle Ranches, Inc. v. United States Park Service*, 950 F. Supp. 299, 300 (D. Colo. 1997); *see also Phelps*, 122 F.3d at 1324 ("[a] Rule 59(e) motion to alter or amend the judgment should be granted 'only to correct manifest errors of law or to present newly discovered evidence'") (quotation and internal quotation marks omitted).  "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of the Paraclete*, 204 F.3d at 1012.  "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Id*.; *see also Mantle Ranches*, 950 F. Supp. at 300 ("'a motion for reconsideration is not a license for a losing party's attorney to get a 'second bite at the apple'" and make legal arguments that could have been raised before").

      Here, the Commissioner requests reconsideration of my finding that a discrepance existed between Plaintiff's standing limitations, as described by the ALJ, and the jobs identified by the vocational expert.  In my Order, I noted that while the ALJ determined at step four of the five-step sequential analysis required by law, that Plaintiff retained the ability to stand for at least 2 hours in an 8-hour workday, and sit for a total of about 6 hours in an 8-hour workday, the only sedentary job identified by the vocational expert was the job of final assembler.  The vocational expert identified

two non-sedentary jobs - cashier and small products assembler.  To account for Plaintiff's standing limitations, the vocational expert reduced the number of non-sedentary jobs.  I determined, however, that the record was not developed with regard to whether Plaintiff could perform any of the non-sedentary jobs of cashier or assembler of small products, particularly in light of the fact that the ALJ found that Plaintiff could not perform any of her past work, which included work as a cashier.  Therefore, I concluded that the ALJ's finding that Plaintiff could perform the non-sedentary jobs with her remaining RFC is not supported by substantial evidence in the record.

The Commissioner contends that this conclusion is contrary to the Tenth Circuit's holding in *Haddock v. Apfel*, 196 F.3d 1084 (10th 1999).  As an initial matter, I note that the Commissioner did not raise this argument or cite *Haddock* in its initial response brief.  In any case, after reviewing *Handdock*, I find that it does not support the Commissioner's argument, and in fact bolsters my initial conclusion that remand is appropriate in this case.

In *Handdock*, the ALJ found that the claimant retained the residual functional capacity to perform only sedentary work that would allow him to alternate sitting and standing.  *Handdock*, 196 F.3d at 1086.  The vocational expert identified four jobs that the claimant could perform, all of which generally require greater exertional capacity than the ALJ found this claimant to have.  *Id*. at 1086-87.  The Tenth Circuit held that before an ALJ could rely on the vocational expert's testimony as substantial evidence to support a determination of nondisability, the ALJ "must ask the expert how his or her testimony as to the exertional requirement of the identified jobs corresponds with the

Dictionary of Occupational Titles, and elicit a reasonable explanation for any discrepancy on this point." *Id.* A valid explanation for a discrepancy would be that "a specified number or percentage of a particular job is performed at a lower RFC level than the Dictionary shows the job generally to require," because the DOC generally sets forth the maximum requirements of a job as generally performed. *Id.* at 1091-92.

The Commissioner contends that in this case, by reducing the number of non-sedentary jobs, the vocational expert demonstrated that a certain percentage of these jobs could be performed at a lower residual functional capacity level than that set forth in the Dictionary of Occupational Titles. I disagree. It is true that the vocational expert testified that to account for Plaintiff's standing limitations, she would erode the total number of non-sedentary jobs in each category by approximately 25 to 50 percent. However, this arbitrary reduction of the total number of non-sedentary jobs in a range somewhere between 25 and 50 percent does not sufficiently explain why a "specified number or percentage" of these jobs "is performed at a lower RFC level than the Dictionary shows the job generally to require." *See Haddock*, *supra*. The ALJ did not elicit testimony from the vocational expert that a specified percentage of the non-sedentary jobs of cashier II and small products assembler are generally performed in a manner such that Plaintiff could have performed those jobs with her standing limitations. In addition, the ALJ did not develop the record regarding Plaintiff's ability to travel to either the sedentary job of final assembler, or the non-sedentary jobs of cashier II and small products assembler in light of her testimony that she lives in a rural area and has difficulty driving long distances.

I find that the Commissioner has not established any of the three grounds which would justify reconsideration of my prior Order under Rule 59(e). Therefore, it is hereby

ORDERED that Defendant's Motion to Alter or Amend Order Under Fed. R. Civ. P. 59(e), filed June 5, 2007 (docket #32) is **DENIED**.

Dated July 10, 2007

           BY THE COURT:

           s/ Wiley Y. Daniel
           Wiley Y. Daniel
           U. S. District Judge